## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES BANKS | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. ELH-16-207 |
| HOWARD COUNTY DEPT. OF CORRECTIONS | * | |
| LT. GEORGIE | * | |
| CORPORAL SCIANDRA | * | |
| Defendants. | | |

*****

### MEMORANDUM

On January 21, 2016, the court received for filing the Complaint filed by Charles Banks, who is self-represented.  The Complaint was filed on a 42 U.S.C. § 1983 civil rights form.  Banks seeks compensatory damages due to the "negligence" of two correctional officers assigned to the Howard County Department of Corrections ("HCDC").  ECF Nos. 11 & 20.  Defendants HCDC, Georgie, and Sciandra have filed a Motion to Dismiss.  ECF 15.  Although Banks was granted additional time to file an opposition, he has not done so.  Rather, he has filed motions to amend, for appointment of counsel, and for a mental evaluation.  ECF 19-21.  Defendants have filed oppositions to the motions.  ECF 22; ECF 23.

The matter is ready for disposition; no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2016).  For reasons that follow, Defendants' Motion to Dismiss (ECF No. 12 & 24) shall be granted.  Banks' motions to amend, for appointment of counsel, and for a mental evaluation shall be denied.

## I. Background

Banks states that on November 4 or November 5, 2015, he was being escorted to another local prison facility in shackles and handcuffs by Correctional Officers Georgie and Sciandra. He claims that neither officer provided him assistance when descending a flight of stairs and he tripped over the shackles, was thrown down the flight of stairs, and knocked unconscious. ECF 1 at 4. Banks asserts he was taken to Howard County General Hospital, treated, and released. He contends that he was not provided the Naproxen and Flexerall prescribed by physicians at the hospital, but was instead given Ibuprofen. Banks alleges he was not given Naproxen until two months after his injury. He claims that the escorting officers were negligent and did not ensure his personal safety. *Id*. at 5

## II. Banks' Motions to Amend, for Appointment of Counsel and for Mental Evaluation

Banks asks to be permitted to amend his complaint seemingly because he does not understand defendants' reference to this court's diversity jurisdiction.[1] ECF 19. Additionally, he asks to be provided the assistance of counsel due to his "scarce resources" and "learning disability" (attention deficit disorder). ECF 20. Finally, he asks to be provided a mental evaluation for "discovery purposes." ECF 21.

The court finds no exceptional circumstances warranting the appointment of counsel. *See Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. District Court for the S. Dist. of Iowa,* 490 U.S. 296, 298 (1989). Nor has Banks provided a justiciable reason for obtaining a mental evaluation. Further, although Banks seeks leave to

---

[1] Pursuant to 28 U.S.C. § 1332, a federal district court has original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). Generally, § 1332 requires complete diversity among parties, which means that the citizenship of all defendants must be different from the citizenship of all plaintiffs. *See Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996).

amend his complaint, he fails to attach an amended pleading to his motion, as prescribed by local rules.  *See* Local Rule 103.6 (D. Md. 2016).  Banks's motions shall be denied.

### III. Standard of Review --Motion to Dismiss

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint.  *See Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006).  A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 n. 3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, the court must consider all well-pleaded allegations in a complaint as true, *Albright v. Oliver,* 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff.  *See Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993)). Because Banks is self-represented, his submissions are liberally construed.  *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007).  In evaluating the Complaint, however, the court need not accept unsupported legal allegations,  *Revene v. Charles Cnty. Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), nor must it agree with legal conclusions couched as factual allegations, *Ashcroft v. Iqbal,* 556 U.S. at 678, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] ... that the pleader is entitled to relief.'"  *Iqbal,* 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Thus, "[d]etermining whether a complaint states a plausible claim for relief will...be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. Discussion

Defendants maintain that Banks's complaint fails to set out a constitutional complaint so as to be colorable under § 1983.  They further argue that the correctional officers' alleged failure to ensure Banks' personal safety constitutes a claim for which remedies are not available in this court.  Rather, such remedies are available in state court under traditional tort law principles.  Moreover, they maintain that because there is no diversity of citizenship among the parties, Banks's negligence claim cannot be heard by this court, as the court lacks subject-matter jurisdiction over the matter.  ECF 15-1.

Under 42 U.S.C. § 1983, a private cause of action for constitutional violations by persons acting under color of state law.  Section 1983 "'is not  itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver,* 510 U.S. 266, 271, (1994) (quoting *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979)).  Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 707 (1999).  *See also* 28 U.S.C. §§ 1343(a)(3) and (4); *West v. Adkins*, 487 U.S. 42, 49 (1988); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928-930 (1982).

Section 1983 provides, in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United

States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….

To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the Plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the Plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson,* 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

Thus, jurisdictional and threshold requirements of §1983 civil actions demand that a substantial federal claim be asserted.   Banks has not satisfied this threshold requirement.   His asserted factual statement, at best, raises a claim of negligence.  Such a claim is not cognizable under § 1983.  *See Daniels v. Williams,* 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon,* 474 U.S. 344, 345-348 (1986); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).[2]  Banks's § 1983 Complaint shall be dismissed by separate Order.

Date: October 28, 2016            _____/s/_____
                                  Ellen L. Hollander
                                  United States District Judge

---

[2] To the extent that Banks is alleging that he was denied doctor-prescribed medication in a complete or timely manner, he has failed to demonstrate, much less allege, that defendants were personally involved in, or somehow responsible for, providing him with medical care.